This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Phillip Wallencheck appeals from the decision of the Lorain County Court of Common Pleas denying his petition for postconviction relief.[1] We affirm.
On January 9, 1997, Wallencheck was convicted of one count of breaking and entering and one count of grand theft, each with a specification for a prior offense of violence. The Lorain County Court of Common Pleas sentenced Wallencheck to indefinite prison terms on both counts, to be run concurrent with one another but consecutive to a sentence imposed previously. Wallencheck appealed to this court, and we affirmed the trial court. State v.Wallencheck (June 30, 1998), Lorain App. No. 97CA006669, unreported.
Wallencheck filed a petition for postconviction relief under R.C. 2953.21 on June 23, 1997, which the trial court denied on June 24, 1997. Wallencheck attempted to appeal the trial court's decision to this court on August 4, 1997, but the appeal was dismissed as untimely.
On December 29, 1997, Wallencheck filed a second petition for postconviction relief. The trial court denied Wallencheck's second petition on December 31, 1997. Wallencheck appeals, assigning one error.
Wallencheck's sole assignment of error states:
THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO SENTENCE THE APPELLANT PHILLIP J. WALLENCHECK PURSUANT TO SENATE BILL 2 (THE NEW LAW)[.]
Wallencheck argues that the trial court should have resentenced him under Am.Sub.S.B. No. 2. However, this court does not have to address the assignment of error, because the trial court was barred from entertaining Wallencheck's petition.
In State v. Fuller (Apr. 30, 1997), Lorain App. No. 96CA006626, unreported, we said:
 Since September 21, 1995, Section 2953.23(A) of the Ohio Revised Code has permitted the trial court to entertain a second or successive petition for post-conviction relief only if it meets certain conditions: (1) the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner; and (2) the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty * * * but for constitutional error at trial.
 Id. at 2-3. This is Wallencheck's second petition for postconviction relief. Wallencheck has not demonstrated that he meets any of the criteria set forth above. Therefore, the trial court was precluded from considering this second petition. Wallencheck's assignment of error must be overruled.
Wallencheck's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Common Pleas Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file-stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
FOR THE COURT
SLABY, J.
QUILLIN, J.
CONCUR
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Article IV, § 6(C), Constitution.)
[1] Wallencheck's petition is captioned as a motion to correct or modify his sentence. However, such motions are treated as petitions for postconviction relief. State v. Reynolds (1997),79 Ohio St.3d 158, syllabus.